**In the Matter of Darrill G. BRAZINGTON, dba Clearwater Log Homes, fdba Clearwater School of Logging, fdba School of Log Home Construction, fdba Darrill Brazington Logging, Bankrupt.**

**Michael HOLDER and Linda Holder, husband and wife, Plaintiffs,**

**v.**

**Darrill G. BRAZINGTON, dba Clearwater Log Homes, Defendant.**

**Bankruptcy No. 79–01058 A.**

United States Bankruptcy Court, D. Idaho.

March 27, 1980.

David B. Rogers, St. Maries, Idaho, for plaintiffs.

Richard W. Sweney, Coeur d'Alene, Idaho, for defendant.

### MEMORANDUM DECISION

MERLIN S. YOUNG, Bankruptcy Judge.

This matter is before the Court upon defendant's Motion to Dismiss plaintiffs'

complaint. The complaint seeks an order vacating any stay against plaintiffs' continuation of an action in the Idaho State Courts; a determination that plaintiffs need not submit the dischargeability issue in this case to the Bankruptcy Court for determination; and authorization to pursue their remedies, including the issue of dischargeability in a state court action which had been commenced prior to the bankruptcy of the defendant and in which plaintiffs have the right to and intend to demand a jury trial. A copy of the complaint filed in the state court is made a part of plaintiffs' pleadings. In this complaint plaintiffs allege that defendant entered into a contract with plaintiffs by which he agreed to furnish logs and cedar roofing to plaintiffs; and that defendant failed to perform the contract as agreed, all to plaintiffs' damage. Plaintiffs also allege that the breach of contract by defendant was deliberate and willful, "and with wanton disregard of the plaintiffs and plaintiffs should be awarded punitive damages."

Defendant's Motion to Dismiss is based on the theory that plaintiffs failed to file a complaint to determine dischargeability of the debt as required by Rule 409(a)(2) within the time set for filing complaints under Section 17a(2), (4), and (8) of the Bankruptcy Act, and that plaintiffs have also failed to make a statement of their claim and demand for judgment as required by Rule 409(b) Bankruptcy Rules of Procedure.

Section 17c(2) of the Act provides:

"A creditor who contends that his debt is not discharged under clause (2), (4), or (8) of subdivision (a) of this section must file an application for a determination of dischargeability within the time fixed by the court pursuant to paragraph (1) of subdivision (b) of section 14 of this Act and, unless an application is timely filed, the debt shall be discharged. Notwithstanding the preceding sentence no application need be filed for a debt excepted by clause (8) if a right to trial by jury exists and any party to a pending action on such debt has timely demanded a trial by jury or if either the bankrupt or a creditor submits a signed statement of an intention to do so." (Underlining mine)

Plaintiffs rely upon the last sentence of the above section to avoid the necessity of filing a complaint in Bankruptcy Court to determine dischargeability. Under the literal terms of this section, if the state court complaint states a claim which, if proved, would create a nondischargeable liability under Section 17a of the Act, the time limitation is not applicable and the action can be tried in state court.

Plaintiffs specifically allege that their state court action alleges a liability which would be nondischargeable under Section 17a(8) to wit: "A liability for willful and malicious injury to the person or property of another." Collier on Bankruptcy, 14th Edition, Section 17.17 at page 1667 comments on this clause as follows:

". . . This exception in 17c(2) is on the theory that the types of claims that fall within clause (8) of § 17a are those for which an action has been instituted before bankruptcy and is pending on that date or judgment was obtained prior thereto. Otherwise, these being tort claims, they could not be provable in the first place and not within the scope of the discharge since it releases only provable debts. Within the reach of the tort claims covered by clause (8) the most prominent type, in terms of number, is the personal injury action. It did not seem appropriate, then, where a personal injury action was pending against the bankrupt at the date of bankruptcy, and jury trial had been demanded or there was still time to do so and a party indicated by a signed statement filed with the bankruptcy court his intention to demand a jury trial, to oust the state court of jurisdiction over the matter and remove the case to the bankruptcy court. It is still better to try the case in the state court, particularly where jury trial could more easily be had. It is also true that in most of the personal injury actions a jury trial is demanded by one of the parties. There should, accordingly, be little real effect on such claims by the 1970 amendments."

The state court complaint of plaintiffs clearly is for damages resulting from breach of contract and would be a provable debt under Section 63 of the Act, and thus would be dischargeable under Section 14. Tort claims are ordinarily not provable, thus not dischargeable unless they fit one of the exceptions to this rule. See Collier, 14th Edition, Section 63.25.

The majority of the case law also holds that Section 17a(8) refers only to actions in tort. See Note 2, 1A Collier on Bankruptcy (14th Ed.) 1650.3 (Section 17.17). Of particular interest in the Ninth Circuit is the case of In re Barbachano v. Allen, 192 F.2d 836 (Cal.1951). In that case the Court held that damages arising out of the breach of contract to construct a radio station including damages for "sums which defendant had promised but it had failed to produce, and that in consequence of this failure to perform, plaintiff suffered loss of in the sum of $61,060.42" were not willful and malicious injuries to the person or property of the plaintiffs even though plaintiffs were induced to enter into the contract by false and fraudulent representations relating to their ability to perform the contract. The Court of Appeals also held that damages resulting from loss of use of the station were dischargeable because they also were damages arising from breach of contract and not from tort. In the same case the Court did hold that damages arising from a wrongful attachment of plaintiffs' property by defendants was a tort which could be nondischargeable as a willful and malicious injury to plaintiffs' personal property, i. e. the funds attached.

It is clear that in the case at bar absent any punitive damages claimed, the other damages are dischargeable and that it would be an exercise in futility for plaintiff to obtain a judgment for them in the state court.

Plaintiffs however contend their claim for punitive damages make the entire debt nondischargeable. They rely principally on National Homes Corporation v. Lester Industries, D.C., 336 F.Supp. 644. In this case the U.S. District Court held that in Virginia a cause of action for punitive damages arising out of a breach of contract can amount to an independent tort and that the action of the defendant in that case did amount to a willful and malicious tortious injury which was nondischargeable. The court did not discuss the statutory requirement that the injury be to property or to person. I conclude that the above case can only be reconciled to the clear wording of 17a(8) is by saying that the injury was to a property right, which right was the right to do business without competition from the defendant. Defendant had deliberately violated a covenant not to compete and in addition had contumaciously violated various court orders upholding the covenant.

In the case at bar, however, no injury was done to any of plaintiffs' property or to plaintiffs' person. Defendant simply failed to perform his contract. There was no trespass against plaintiffs' property or person. I am confident that 17a(8) was intended by Congress to make nondischargeable liabilities arising from such matters as malicious injury to property, waste, trespass and such matters as willful and wanton negligence resulting in personal injury, battery to the person and the like. To say every breach of contract no matter how deliberate becomes a tort injury to property or person is not realistic under plain terms of section 17a(8).

The second case cited by plaintiff In re Mountjoy, D.C., 368 F.Supp. 1087 states only that the Bankruptcy Court has the discretionary right to refuse jurisdiction of a dischargeability question if it is or can be litigated in a state court action.

I thus conclude that the stay against further proceedings should not be vacated, because plaintiffs' state court action, even if proved, would not as a matter of law sustain a finding that defendant's breach of contract constituted a willful and malicious injury to plaintiffs' property or person. Thus, plaintiffs having failed to allege that defendant's indebtedness to them is nondischargeable, defendant's Motion to Dismiss is well taken. Counsel for defendants may submit a formal Order dismissing plaintiffs' complaint.