**In re Steven Patrick BRILL, Judy Carol Brill f/d/b/a Brill's Farms, Debtors.**

**BALDWIN NATIONAL BANK, Plaintiff,**

v.

**Steven P. BRILL, Defendant.**

**Bankruptcy No. 81–01123.
Adv. No. 82–0057.**

United States Bankruptcy Court,
S. D. Alabama.

May 6, 1982.

Gary P. Alidor, Mobile, Ala., for Baldwin National Bank.

Herbert P. Feibelman, Mobile, Ala., for debtor.

## ORDER

WILL G. CAFFEY, Jr., Bankruptcy Judge.

This matter having come on for hearing upon the Complaint of the Baldwin National Bank against the debtor herein seeking to have a debt, more particularly described in said Complaint, declared nondischargeable; summons and notice of trial having been regularly issued and served; and evidence having been presented;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

Beginning in the mid-1970's the debtor had entered into a series of loan transactions with the Bank; and as security for some of these loans had granted to the Bank a security interest in "15 Head Mixed Breed Steers". In fact, such collateral is listed in a note executed by him in favor of the Bank on January 2, 1981. (Debtor's Exhibit 1).

The debtor had, however, disposed of the steers in 1980; and this fact was made known to officers of the Bank.

In connection with a loan renewal on July 21, 1981, Ralph E. Drew, an officer of the Bank, asked the debtor if he had any other cattle which could be substituted as collateral for the loan. The debtor advised Drew that: "There's lots of cows out there."

The note executed by the debtor on July 21, 1981 was in the principal amount of $2,380.38 with interest thereon at the rate of 20% per annum, and was due and payable in one payment including interest on October 19, 1981. In that note the collateral, in which a security interest was granted by the debtor to the Bank, was listed as: "15 Head of Mixed Breed Heifers".

The debtor as to this conversation with Drew testified: "I said there was cattle running around out there. I didn't say they were mine."

The cattle referred to in the conversation were owned, in fact, by the debtor's father and a Mr. Grover Bailey.

The Bank filed a financing statement, listing the "15 Head of Heifers—Mixed Breed" as collateral, in the Office of the Judge of Probate of Baldwin County, Alabama on July 27, 1981. This financing statement was also signed by the debtor.

Nothing has been paid on the note, and the full amount thereof, with interest, is due.

## CONCLUSIONS OF LAW

According to Section 523, Bankruptcy Code:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, of an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or . . ."

In this case the debtor obtained a renewal of credit through his misrepresentation to the Bank that he owned cows, which, by the debtor's own admission was absolutely false.

The Bank relied upon the debtor's representation that he had "cows" in approving the renewal of the July 21, 1981 note. Because the Bank knew that the debtor had raised cattle for sale in the past, it had reason to believe, after questioning the debtor that he again owned cows which he could provide as security for the renewal. See: In re Brewood, 15 B.R. 211, 8 B.C.D. 483 (Bkrtcy.D.Kan.1981)

The Bank has been injured to the extent of the credit renewed by it to the debtor based upon the debtor's false representations that he owned cows which would serve to secure the loan.

## ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the relief sought in the Complaint of the Baldwin National Bank seeking to have a debt owed

to it by the debtor herein be declared nondischargeable be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED, ADJUDGED and DECREED that the debt owed by Steven P. Brill to the Baldwin National Bank in the principal amount of $2,380.38 plus interest thereon at 20% per annum from July 21, 1981 be, and it hereby is, DECLARED NONDISCHARGEABLE; and it is

FURTHER ORDERED that a judgment in conformity with this opinion be set forth in a separate document in accordance with the provisions of Bankruptcy Rule 921.