**In re Sharon Marie DAY, Debtor.**

**Preston GOINS, Lara Goins, Plaintiffs,**

**v.**

**Sharon Marie DAY, Defendant.**

**Bankruptcy No. 91–41171.**
**Adv. No. 91–04201.**

United States Bankruptcy Court,
W.D. Missouri.

March 6, 1992.

---

Steve D. Burmeister, Independence, Mo., for plaintiffs.

Charles R. Wilson, Overland Park, Kan., for defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Plaintiffs Preston and Lara Goins ("Plaintiffs") brought this adversary proceeding to determine whether a certain judgment debt owed to Plaintiffs by Debtor Sharon Marie Day ("Debtor") is dischargeable in her Chapter 7 bankruptcy proceeding. The central issue now before the Court is whether a state court jury verdict and judgment based upon fraudulent misrepresentation should be afforded collateral estoppel effect in this proceeding. That issue turns on whether Debtor was given proper notice of the state court trial. A second issue relates to whether punitive damages are dischargeable.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). For the reasons set forth below, I find that collateral estoppel applies to Plaintiffs' state court jury verdict and judgment so as to preclude discharge of the actual damages portion of Debtor's judgment debt to Plaintiffs pursuant to 11 U.S.C.

§ 523(a)(2)(A). I further find that the punitive damages are dischargeable.

The following constitute this Court's findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52, which is made applicable to this proceeding by Fed. R.Bankr.P. 7052.

## FACTUAL BACKGROUND

On November 11, 1988, Plaintiffs commenced a state court action against Debtor and her then husband Ronald Day in the Circuit Court of Jackson County, Missouri, at Independence ("the State Court Action"), alleging that Debtor and Ronald Day made fraudulent misrepresentations in connection with their sale of a house and real estate to Plaintiffs. Debtor and Ronald Day were the owners of the house and real estate. In addition, Debtor was then, and is now, employed as a real estate broker and conducted the sale of the property.

The attorney representing Debtor and Ronald Day in the State Court Action filed an Answer in response to Plaintiffs' Petition. Sometime thereafter, that attorney withdrew from the case. Marital problems arose between Debtor and Ronald Day resulting in their subsequent divorce. Ronald Day then retained his own counsel, but Debtor elected to proceed without counsel in the State Court Action.[1]

The State Court Action was set for jury trial beginning February 6, 1991. Notice of the trial setting was mailed to Debtor and Ronald Day at the address that had been provided to the Circuit Court—"Sharon M Day Pro-se et al, 3606 S. Delaware, Independence, Missouri." This notice was returned by the Post Office with a forwarding address of "Day, 1936 S. Sterling Ave, Independence, MO 64052–3675." Thereafter, the clerk of the Circuit Court sent notice of the scheduling of the jury trial to Debtor at the 1936 South Sterling Avenue address.

Ronald Day appeared at the trial, but Debtor did not. On February 8, 1991, Plaintiffs obtained a jury verdict and judg-

---

**1.** Debtor's own testimony at the March 3, 1992 hearing shows that she was made aware that it was important for her to keep the records sur-

rounding the sale of the property and to keep abreast of the proceedings in the State Court Action.

ment against Debtor in the Circuit Court of Jackson County, Missouri, at Independence. The judgment assessed actual damages for fraudulent misrepresentation against Debtor and Ronald Day in the amount of $10,000.00. Punitive damages were assessed against Debtor for the sum of $30,000.00. Punitive damages of $20,-000.00 were assessed against Ronald Day.

Upon learning of the jury verdict and judgment, Debtor filed a Motion to Set Aside a Judgment on March 7, 1991, contending that she had not received sufficient notice of the trial setting. Although Debtor's motion was untimely, it was considered by Judge Moran,[2] who, after determining that sufficient notice was sent to Debtor, denied her motion.

On April 12, 1991, Debtor filed her petition under Chapter 7 of the United States Bankruptcy Code. On July 22, 1991, Plaintiffs filed their complaint in this adversary proceeding, seeking to have the Court apply collateral estoppel to the state court jury verdict and judgment against Debtor and find that it is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Hearings were conducted on December 3, 1991, and March 3, 1992. At the latter hearing, Plaintiffs, with the Court's permission, orally amended their complaint to include a prayer for relief under 11 U.S.C. § 523(a)(6) as well.

## LEGAL ANALYSIS

### I. COLLATERAL ESTOPPEL

Plaintiffs ask this Court to apply the principles of collateral estoppel to the state court jury verdict and judgment. The Supreme Court, in *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991), recently clarified that the principles of collateral estoppel, or issue preclusion, apply in section 523(a) dischargeability proceedings to bar relitigation of factual or legal issues that have been determined in a prior state court action. *In re Miera*, 926 F.2d 741, 743 (8th Cir.1991).

**2.** The Honorable John I. Moran, Circuit Judge, Division 16, Circuit Court of Jackson County,

Four elements must exist before collateral estoppel may properly be applied to bar litigation of an issue before the court:

(1) the issue sought to be precluded must be the same as that involved in the prior action;

(2) the issue must have been litigated in the prior action;

(3) the issue must have been determined by a valid and final judgment; and

(4) the determination must have been essential to the prior judgment.

*Id.* (citations omitted). The party seeking to apply collateral estoppel has the burden of proving that all four elements are present. *Id.* The court should consider the entire record of the prior proceeding in determining whether an issue was actually litigated and was necessary to the decision in the prior action. *Id.* As a matter of fairness, the party against whom the earlier decision is being asserted should have had a "full and fair" opportunity to litigate the issue in the prior adjudication. *Id.*

Based on her contention that she was not provided adequate notice of the jury trial, Debtor claims that she never had a "full and fair" opportunity to be heard and litigate her cause in the State Court Action. After reviewing the case file and considering Debtor's claim of inadequate notice, Judge Moran entered the following Order dated March 8, 1991, stating as follows:

The Court next takes up Defendant Sharon Day's Motion to Set Aside Judgment filed March 7, 1991. After reviewing the record and hearing statements of Sharon Day,

IT IS ORDERED that Defendant Sharon Day's Motion to Set Aside is Overruled.

The evidence introduced at the March 3, 1992 hearing before this Court established that Judge Moran concluded that the state court had provided sufficient notice of the

Missouri, at Independence.

jury trial, including proper publication in accordance with the local rules of the Circuit Court of Jackson County, Missouri, as well as notice by mail.[3]

Debtor then filed her Notice of Appeal to the Missouri Court of Appeals for the Western District of Missouri. Her appeal subsequently was dismissed for failure to prosecute. Thus, the state court jury verdict and judgment is a valid and final decision. Accordingly, it appears that Judge Moran's decision as to the notice issue should itself be afforded collateral estoppel effect in this case.[4] Thus, Debtor's claim that adequate notice of the jury trial was not provided by the state court is not supported by the evidence. Therefore, I find that Debtor had a "full and fair" opportunity to litigate the issues in the State Court Action.

 Debtor also contends that the principles of collateral estoppel should not be applied in this case because the prior state court jury verdict and judgment "is analogous to a default judgment type case because judgment was taken against [Debtor] without giving her an opportunity to testify on the merits." Defendant's Reply to Plaintiffs' Brief on Collateral Estoppel at 3.

Debtor is correct that collateral estoppel should not be applied to state court default judgments. *See In re Goetz*, 134 B.R. 367, 368 (Bankr.W.D.Mo.1991) (default judgment not sufficient to support "actually litigated" requirement). However, Plaintiffs' state court jury verdict and judgment is not a default judgment. *See In re Herwig*, 77 B.R. 662 (Bankr.S.D.Ill.1987).

In *Herwig*, the judgment creditor had brought a state court action against the debtor. As in this case, the debtor filed an answer but failed to appear on the day of trial.[5] After determining that the prevailing view is that a state court default judgment should not collaterally estop the debtor from raising the dischargeability issues in the bankruptcy proceeding, the *Herwig* court stated:

> However, the present case does not involve the typical default case where the defendant fails to answer or appear, and judgment is then entered in favor of plaintiff. Here, defendant did file an answer and counterclaim, but failed to appear for trial. Furthermore, judgment was entered only after evidence was heard and considered. As noted by Wright and Miller:

>> The problem of issue preclusion after a one-sided trial also arises after a defendant answers on the merits and then fails to appear for trial or to offer evidence on particular issues. It is not uncommon for lawyers to describe such events loosely as defaults. Conceptually, however, trial is required to prove any matters that have not been admitted in the pleadings. *It is far from clear that issue preclusion should be denied simply because the resulting trial was one-sided.*

*Herwig*, 77 B.R. at 664 (quoting 18 Charles A. Wright et al., *Federal Practice and Procedure* § 4442 (1981) (emphasis added)). The court then concluded that all elements of collateral estoppel had been satisfied. *Id.*

---

3. Debtor admits in her affidavit to this Court that she was receiving mail at the 1936 South Sterling Avenue address when the notice of the trial setting was mailed by the Circuit Court. It should also be noted that Debtor testified at the March 3, 1992 hearing that she still lives at 1936 South Sterling Avenue, Independence, MO 64052. Debtor has continued to list it as her mailing address since the time of the jury trial as evidenced by her Motion to Set Aside a Judgment filed March 7, 1991, her Notice of Appeal filed March 18, 1991, and her bankruptcy petition filed April 12, 1991.

4. In any event, the parties to this adversary proceeding were given the opportunity to present to this Court evidence as to the notice issue. After reviewing the evidence and hearing the testimony of the parties, I find, in the alternative, that the state court provided sufficient notice of the jury trial scheduling to Debtor. *See also* Discussion *supra* note 3.

5. In *Herwig*, there appears to have been no question as to whether the debtor received notice of the trial. As discussed above, Debtor claims that she never received notice of the trial. Given my findings as to that issue, there is no reasonable basis for distinguishing *Herwig* on this point.

I believe that the rationale of *Herwig* is persuasive. Debtor's attorney of record in the State Court Action filed an Answer on Debtor's behalf. Although Debtor did not appear at trial, Ronald Day did appear, and Plaintiffs were required to prove all elements of their claim for fraud against both Debtor and Ronald Day in order to obtain their judgment. Therefore, after considering the evidence regarding the State Court Action, I find that Plaintiffs have established that the State Court Action was actually litigated on its merits.

This Court must now determine whether Plaintiffs, in the State Court Action, proved all elements necessary to support their dischargeability objections. Applying the principles of collateral estoppel, this Court must accept those findings already made by the state court which were necessary to the final judgment. If those findings support Plaintiffs' section dischargeability objections, this Court is precluded from relitigating the issues, and the state court judgment will be excepted from Debtor's discharge.

## II. SECTION 523(a)(2)(A) COMPLAINT

In order for a debt to be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), the following elements must be proved:

(1) that the debtor made representations;

(2) that at the time the representations were made the debtor knew them to be false;

(3) that the debtor made the representations with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on the representations; and

(5) that the creditor sustained the alleged injury as a proximate result of the representations.

*In re Ophaug*, 827 F.2d 340, 342 n. 1 (8th Cir.1987); *see In re Van Horne*, 823 F.2d 1285, 1287 (8th Cir.1987). In order to succeed, the objecting party has the burden of proving each element by a preponderance of the evidence. *Grogan v. Garner*, ——— U.S. ———, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

### A. ACTUAL DAMAGES UNDER § 523(a)(2)(A)

■ The jury in the State Court Action found in favor of Plaintiffs and against Debtor for fraudulent misrepresentation regarding the sale of the house, and assessed $10,000.00 in actual damages against Debtor.[6] The fraudulent misrepresentation was Debtors' failure to disclose that the house had a defective sewer system. The jury believed that Debtor had a duty to disclose that information, and that such information was material to the transaction. That Debtor made a fraudulent misrepresentation has thus already been litigated and established in the prior State Court Action. *See Van Horne*, 823 F.2d at 1288 (debtor's silence regarding a material fact can constitute a false representation actionable under section 523(a)(2)(A)).

The jury also determined that Debtor's misrepresentation was made with the intention to induce Plaintiffs to buy the property. Thus, the second[7] and third elements of Plaintiffs' section 523(a)(2)(A) objection have previously been litigated and established in the State Court Action.

Finally, the jury decided that Plaintiffs' injuries, in the amounts awarded, were the direct result of Debtor's false misrepresentations. Accordingly, I find that all ele-

---

**6.** The jury's verdict was based on the following instruction:

Your verdict must be for plaintiffs, Preston and Lara Goins if you believe:

First, defendants Ronald Day and Sharon Day failed to disclose a nonfunctioning sewer system with intention to induce plaintiffs Preston and Lara Goins to buy said property, and

Second, defendants had a duty to make such disclosure, and

Third, such information as was withheld was material to the purchase of the home by plaintiffs, and

Fourth, as a direct result of such failure to disclose plaintiffs were injured.

**7.** In determining that Debtor made the omissions with the intention to induce Plaintiffs to buy the property, the jury must have believed that Debtor made the omissions knowing them to be material to the transaction.

ments of Plaintiffs' section 523(a)(2)(A) objection have been previously litigated in the State Court Action. In addition, all of the above determinations were essential to the jury's verdict and the state court's valid and final judgment. Therefore, the actual damages portion of Plaintiffs' state court jury verdict and judgment, in the amount of $10,000.00, is excepted from Debtor's discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

### B. PUNITIVE DAMAGES UNDER § 523(a)(2)(A)

■ Having determined that the principles of collateral estoppel, or issue preclusion, preclude relitigation of Plaintiffs' fraudulent misrepresentation claim, it must now be determined to what extent the state court judgment is nondischargeable under section 523(a)(2)(A). Although not raised in the pleadings, an issue exists as to whether the punitive damages portion of the state court judgment falls within the scope of the section 523(a)(2)(A) discharge exception.

Section 523(a)(2)(A) excepts from an individual debtor's discharge any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, *to the extent obtained by* —

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....

11 U.S.C. § 523(a)(2)(A) (emphasis added).

The Eighth Circuit has not decided the issue of whether punitive damages are excepted from a debtor's discharge under section 523(a)(2)(A).[8] The Ninth Circuit, however, has resolved this question in the negative. *In re Levy*, 951 F.2d 196, 198 (9th Cir.1991) (finding that section 523(a)(2), unlike sections 523(a)(4) and 523(a)(6), does not bar discharge of punitive damages);

see also *In re Larson*, 79 B.R. 462, 465 (Bankr.W.D.Mo.1987).

The Eighth Circuit has concluded that the punitive damages portion of the plaintiff's state court judgment should be excluded from the debtor's discharge pursuant to section 523(a)(6). *In re Miera*, 926 F.2d 741 (8th Cir.1991). According to the court, section 523(a)(6) does not distinguish between debts which are compensatory in nature and those which are punitive. *Id.* at 745. It appears, however, that such a distinction is made in section 523(a)(2)(A). According to the Ninth Circuit, footnote 2 in *Grogan v. Garner* suggests a reading of section 523(a) that distinguishes among its subsections, resulting in an outcome under section 523(a)(2)(A), with regard to punitive damages, different from that under section 523(a)(6). *In re Levy*, 951 F.2d 196, 199 (9th Cir.1991).[9]

In *Levy*, the Ninth Circuit determined that punitive damages do not fall within the limiting language "to the extent obtained by" contained in section 523(a)(2)(A), because punitive damages do not represent losses to the victim of fraud or increases to the wealth of the debtor who engages in fraud, but rather "are 'awarded as an example to others or as a penalty or by way of punishment' and 'are not a debt for fraud....'" *Levy*, 951 F.2d at 198 (citation omitted).

Because the language of the section 523(a)(2)(A) exception to discharge, unlike section 523(a)(6), limits the exception to only that amount of a judgment attributable to the actual value of money or property received by the debtor by virtue of fraud, I conclude that *In re Miera*, 926 F.2d 741 (8th Cir.1991), is not controlling on this issue, and punitive damages are not within the purview of section 523(a)(2)(A). Therefore, the punitive damages portion of Plaintiffs' state court jury verdict and judgment is not excepted from Debtor's

---

**8.** The Supreme Court specifically declined to decide this issue in *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 657 n. 2, 112 L.Ed.2d 755 (1991).

**9.** It should be noted that, on the same day it determined in *Levy* that punitive damages are not within the scope of § 523(a)(2)(A), the same

panel of Ninth Circuit judges concluded that punitive damages are subject to the discharge exception under § 523(a)(6). *In re Britton*, 950 F.2d 602, 606 (9th Cir.1991) (reaffirming its decision in *In re Adams*, 761 F.2d 1422, 1423, 1428 (9th Cir.1985)).

discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

## III. SECTION 523(a)(6) COMPLAINT

At the March 3, 1992 hearing, with this Court's permission, Plaintiffs, with the punitive damages issue in mind, orally amended their complaint to include a prayer for relief under 11 U.S.C. § 523(a)(6). Section 523(a)(6) excepts from an individual debtor's discharge any debt—"(6) for willful and malicious injury by the debtor to another entity or to the property of another entity...." 11 U.S.C. § 523(a)(6).

The Supreme Court recently suggested that the dischargeability of state court judgments that include punitive damages awards may be more appropriately governed by section 523(a)(6), rather than by section 523(a)(2)(A). *Grogan v. Garner,* — U.S. —, 111 S.Ct. 654, 657 n. 2, 112 L.Ed.2d 755 (1991). The Eighth Circuit has previously determined that punitive damage awards may, under appropriate circumstances, be excepted from discharge under section 523(a)(6). *In re Miera,* 926 F.2d 741 (8th Cir.1991).

■ In order to except a debt from discharge under section 523(a)(6), a creditor must prove that its injury resulted from the debtor's conduct that was both willful and malicious. The Eighth Circuit, in recognizing that the elements of "willfulness" and "malice" are separate and distinct requirements under section 523(a)(6), has determined that the malice requirement mandates a heightened level of culpability if it is to have a separate meaning independent of willful. *In re Long,* 774 F.2d 875, 881 (8th Cir.1985). Mere reckless disregard is not sufficient to prevent discharge of the debt under section 523(a)(6). *Id.* at 880.

The term "willful," standing alone, means intentional or deliberate, or, as the court put it, "headstrong and knowing." *Id.* at 881. "Malice" requires that the debtor's willful conduct be "targeted at the creditor ... at least in the sense that the conduct is certain or almost certain to cause financial harm." *Id.*

■ Plaintiffs rely on the state court verdict to show that their claim against Debtor is the consequence of a willful and malicious injury. Plaintiffs, however, were not required to prove both willful and malicious injury in the State Court Action.[10] Therefore, collateral estoppel does not apply to preclude discharge of the punitive damages portion of the state court jury verdict and judgment.

Plaintiffs have not proved to this Court that the punitive damages portion of their state court jury verdict and judgment was the result of Debtor's willful *and* malicious conduct. Therefore, Plaintiffs are not entitled to have the punitive damages excepted from Debtor's discharge pursuant to 11 U.S.C. § 523(a)(6) in this proceeding.

## CONCLUSION

Based upon the foregoing, Plaintiffs' state court jury verdict and judgment against Debtor, to the extent of the $10,-000.00 in actual damages awarded, is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The punitive damages portion of the state court jury verdict and judgment in the amount of $30,000.00 is dischargeable.

A separate Order consistent with this Memorandum Opinion will be entered this date.

---

**10.** The state court verdict director on punitive damages instructed the jury as follows:

 If you find in favor of plaintiffs under [the instruction on fraudulent misrepresentation], and if you believe the conduct of defendant Sharon Day ... was willful, wanton, *or* malicious, then in addition to any damages to which you find plaintiffs entitled under [the instruction on fraudulent misrepresentation], you may award plaintiffs an additional

amount as punitive damages in such sum as you believe will serve to punish defendant Sharon Day and to deter defendant Sharon Day and others from like conduct.

 \* \* \* \* \* \*

 The term "malicious" as used in this instruction does not mean hatred, spite or ill will, as commonly understood, but means doing of a wrongful act intentionally without just cause or excuse. (emphasis added).