United States Court of Appeals,

Fifth Circuit.

No. 92-8710

Summary Calendar.

In the Matter of John Jay STOKES, Jr., Debtor.

Anthony P. FERRIS, Trustee, Appellee,

v.

John Jay STOKES, Jr., Appellant.

July 14, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:

In this bankruptcy case involving the dischargeability of a claim pursuant to 11 U.S.C. § 523, the primary question is whether a finding of actual fraud and of the applicability of 11 U.S.C. § 523(a)(2)(A) necessarily precludes a finding that the same conduct also amounts to "willful and malicious conduct" under 11 U.S.C. § 523(a)(6). In a comprehensive opinion, *Stokes v. Ferris,* 150 B.R. 388 (W.D.Tex.1992), the district court, in an appeal from the bankruptcy court, answered the question in the affirmative, holding that the same conduct can give rise to a cause of action under both section 523(a)(2)(A) and section 523(a)(6). *See id.* at 392.

We affirm, essentially for the reasons stated, and the analysis made, by the district court. This holding is consistent with existing caselaw for, while we are aware of no case that holds that conduct under one of the provisions cannot also constitute conduct under the other, a number of courts have suggested that the same conduct can violate both provisions. *See, e.g., Britton v. Price (In re Britton),* 950 F.2d 602, 603-05 (9th Cir.1991); *Rubin v. West (In re Rubin),* 875 F.2d 755, 758 n. 1 (9th Cir.1989); *Giangrasso v. Butler (In re Giangrasso),* 145 B.R. 319, 321-24 (Bankr.9th Cir.1992); *Seay v. Greene (In re Greene),* 150 B.R. 282, 285-87 (Bankr.S.D.Fla.1993); *Goins v. Day (In re Day),* 137 B.R. 335, 341-42 (Bankr.W.D.Mo.1992).

The judgment of the district court is AFFIRMED.