**In re Stephen A. BARRACK and Elizabeth A. Barrack, Debtors.**

**Patrick L. McCRARY, Trustee, Patrick L. McCrary Money Purchase Plan, Plaintiff,**

**v.**

**Stephen A. BARRACK and Elizabeth A. Barrack, Defendants.**

Bankruptcy No. 95–07783–B7.
Adv. No. 95–90572.

United States Bankruptcy Court,
S.D. California.

Oct. 15, 1996.

Patrick L. McCrary, La Mesa, CA, for Plaintiff.

Roy R. Withers, Richard S. Kolek, Withers & Goulding, San Diego, CA, for Defendants.

## MEMORANDUM DECISION

PETER W. BOWIE, Bankruptcy Judge.

Patrick L. McCrary, as trustee for the Patrick L. McCrary Money Purchase Plan ("Plaintiff"), commenced this adversary proceeding to have its claim excepted from discharge. Stephen A. and Elizabeth A. Barrack, debtors and defendants herein ("Debtors") move this Court for an order dismissing the Plaintiff's second amended complaint for failure to state a claim upon which relief can be granted.

The Plaintiff's initial and first amended complaints included a claim of nondischargeability under Bankruptcy Code Section 523(a)(2)(A) for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." The Debtors successfully moved for dismissal. The Plaintiff has filed a second amended complaint that, based upon the same set of facts, simply adds as a basis for the claim of nondischargeability Bankruptcy Code Section 523(a)(6) for "willful and malicious injury by the debtor to another entity or to the property of another entity."

At the hearing on the motion the Court raised the issue of whether a claim for financial loss based upon oral false representations of financial condition can be excepted from discharge under Section 523(a)(6). After having considered the matter the Court holds that it cannot.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## I. FACTS

In July of 1994 the Plaintiff sold to the Debtors a residence in Alpine, California (the "Residence"). When the Debtors failed to perform under the sales contract the Plaintiff brought suit in municipal court and obtained a stipulated judgment in the amount of $10,500.

On July 21, 1995, the Debtors filed a petition under Chapter 7 of the Bankruptcy

Code. The Debtors scheduled an unsecured/nonpriority claim in favor of the Plaintiff in the amount of $10,500 (the amount of the municipal court judgment).

On September 8, 1995, the Plaintiff filed a complaint to determine the dischargeability of the claim. The complaint also asserted additional claims.[1] The nondischargeability aspect of the complaint was based upon Bankruptcy Code Section 523(a)(2).

On October 10, 1995, the Debtors filed a motion to dismiss which was scheduled to be heard on November 13, 1995. Prior to the hearing, on October 30, 1995, the Plaintiff filed an amended complaint (the "First Amended Complaint"), still based upon Section 523(a)(2).

On November 30, 1995, the Debtors filed a motion to dismiss the First Amended Complaint, which was granted on February 12, 1996.

Plaintiff has since filed a second amended complaint (the "Second Amended Complaint") which adds, based upon the same set of facts, a claim of nondischargeability under Bankruptcy Code Section 523(a)(6). The Debtors have moved to dismiss the Second Amended Complaint.

This matter came on for hearing on July, 1, 1996. At the hearing the Court asked for additional briefs on whether a claim could be excepted from discharge under Section 523(a)(6) for financial loss due to oral misrepresentations of financial condition or whether Section 523(a)(2) provides the exclusive grounds for having such debts excepted from discharge.

## II. DISCUSSION

At the foundation of Plaintiff's complaint are the allegations that, in order to induce Plaintiff to sell the residence to the Debtors and then to refrain from commencing foreclosure proceedings, the Debtors made the fol-

lowing misrepresentations: the Debtors were living in a home in which they had a lease option (actually they owned the home and the home was being foreclosed upon); Steven Barrack's income was at least $5,000 per month (it was substantially less); Steven Barrack owned various chiropractic equipment (some of it was owned by his mother); Steven Barrack owned an x-ray machine which was 5–10 years old and worth at least $15,000 (the machine was 30 years old and worth less than $3,000); the Debtors were able to service the outstanding debt secured by the residence as well as the taxes and insurance (they were not); and Steven Barrack had a security interest in various law suits (he did not).

The Plaintiff initially sought to evade discharge under Bankruptcy Code Section 523(a)(2) which provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive . . . .

11 U.S.C. § 523(a)(2).

■ In order to prevail under Section 523(a)(2)(A) a creditor must prove five ele-

1. The initial complaint included a cause of action for misrepresentation ($25,000); abuse of process ($10,000); and punitive damages ($240,-000). In the first amended complaint the claim for misrepresentation was increased to $27,000.

ments: (1) the debtor made a material misrepresentation, (2) with knowledge of its falsity, (3) with the intent to deceive, (4) on which the creditor relied, and (5) due to which the creditor sustained loss or damage. See *In re Kirsh,* 973 F.2d 1454, 1457 (9th Cir.1992); *In re Britton,* 950 F.2d 602, 604 (9th Cir.1991); *In re Rubin,* 875 F.2d 755, 759 (9th Cir.1989). In addition, where the misrepresentation is with respect to the debtor's financial condition the claimant must proceed under Section 523(a)(2)(B), which adds the additional requirement that the misrepresentations be in writing.

On the Debtors' previous motion to dismiss the Court determined that the misrepresentations made by the Debtors were indeed with respect to their financial condition. The Court took into consideration *Kirsh, supra,* in which the court held that a debtor's misrepresentation regarding the amount of debt secured by the debtor's residence "did not purport to set forth the debtor's net worth or overall financial condition, so our analysis must revolve around 11 U.S.C. § 523(a)(2)(A)." The Court also considered various other cases where the courts have also held that statements relating solely to the debtor's interest in property are not "statement[s] respecting the debtor's ... financial condition."[2] In this case, however, the Debtors misrepresented not only the extent of their assets but also their income and their ability to satisfy the obligations secured by the Residence. These statements clearly related to the Debtors' financial condition and, hence, the First Amended Complaint

did not state a claim for which relief can be granted under Section 523(a)(2)(A).

The First Amended Complaint also failed to state a claim under Section 523(a)(2)(B) as it specifically alleged that the Debtors' misrepresentations were oral.

■ In a continued effort to salvage its adversary proceeding Plaintiff now argues that its debt should be excepted from discharge under Section 523(a)(6). In essence, the Plaintiff, finding itself with no writing, would have this Court allow it to side-step the writing requirement of Section 523(a)(2) by picking up its fraud elements, without amendment, and carrying them over to Section 523(a)(6).[3] For the reasons set forth below the Court holds that the Second Amended Complaint does not state a claim for which relief can be granted under Section 523(a)(6).

■ The central purpose of the Bankruptcy Code is "to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner,* 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). This completely unencumbered "fresh start" is, though, reserved for the "honest but unfortunate debtor." *Id.* at 286–87, 111 S.Ct. at 659. Congress has struck a balance by providing that certain specific debts, as outlined in Bankruptcy Code Section 523(a), will not

---

**2.** See, *In re Pommerer,* 10 B.R. 935 (Bankr. D.Minn.1981) (oral misrepresentation of cattle ownership); *In re Brill,* 20 B.R. 84 (Bankr. S.D.Ala.1982) (more cattle); *In re Kissinger,* 106 B.R. 180 (Bankr.E.D.Ark.1989) (still more cattle); *In re Bastrom,* 106 B.R. 223 (Bankr.D.Mont. 1989) (vehicles); and *In re Grogan,* 146 B.R. 866 (Bankr.M.D.Fla.1992) (carousel), all *apparently* holding that overstating value of assets, understating encumbrances on assets or even claiming ownership of unowned assets does not amount to a statement respecting financial condition. See, on the other hand, *In re Van Steinburg,* 744 F.2d 1060, 1061 (4th Cir.1984) (oral statement that property is not subject to liens is a statement

respecting financial condition and is not actionable under Section 523(a)(2) as there is no writing—"Indeed, whether his assets are encumbered may be the most significant information about his financial condition.").

**3.** Bankruptcy Code Section 523(a)(6) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity. . . .

be discharged. In light of the general policy favoring the "fresh start," however, the exceptions to discharge are to be strictly construed against the creditor and liberally construed in favor of the debtor. *Matter of Gross*, 175 B.R. 277, 284 (Bankr.N.D.Ill. 1994); *In re Bodenstein*, 168 B.R. 23, 27 (Bankr.E.D.N.Y.1994). See also, *In re Adeeb*, 787 F.2d 1339, 1342 (9th Cir.1986) (analyzing objection to discharge under Bankruptcy Code Section 727).

■ Within the framework of Section 523(a) it is clear that Subsection (2)(A) & (B) were designed to address debts for money, property or services obtained by fraudulent representations. As discussed above, Section 523(a)(2) includes several specific elements which a claimant must show in order to have its debt excepted from discharge. Section 523(a)(2) not only sets out specific limitations of the type of debts which are excepted from discharge, it also limits the scope of the remedy to the "debt ... for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained ..." Only the actual damages flowing from the

debtor's fraud escape discharge. *In re Berr*, 172 B.R. 299, 309 (9th Cir. BAP 1994). Punitive damages are not excepted from discharge under Section 523(a)(2). *In re Levy*, 951 F.2d 196, 198 (9th Cir.1991). Furthermore, Congress made clear its intention that claimants alleging that they were misled by a debtor's assertions of financial well-being be able to point to a writing upon which they relied.[4]

■ Reading Section 523(a)(6), as Plaintiff has suggested, to include fraud of this nature (an oral misrepresentation regarding the debtor's financial condition) would negate Congress' intent that claimants be able to provide a writing upon which they relied; it would render subsection (a)(2)(B) superfluous.[5] Legislative enactments are not to be construed to defeat the purpose of the statutes. *In re Pacific–Atlantic Trading Company*, 64 F.3d 1292, 1303 (9th Cir.1995); *In re Jones*, 180 B.R. 575, 579 n. 3 (9th Cir. BAP 1995); *In re Luna*, 122 B.R. 575, 577 (9th Cir. BAP 1991); *In re Rau*, 113 B.R. 619, 622 (9th Cir. BAP 1990). Statutes are to be interpreted so as to avoid rendering

---

**4.** The writing requirement which is now housed at Section 523(a)(2)(B) made its first appearance at Section 14c(3) of the Bankruptcy Act. The amendatory Act of 1903, which was adopted by the Act of 1938, added Section 14c(3) which denied discharge to bankrupts who had "obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit ..." Bankr.Act July 1, 1898, c. 541, Sec. 14b(3), 30 Stat. 550 (U.S.Comp.St. 1901, p. 3427), amended by Act Feb. 5, 1903, c. 487, Sec. 4, 32 Stat. 797 (U.S.Comp.St.Supp. 1909, p. 1310).

In 1960 the false financial statement as grounds for objecting to the discharge of a nonbusiness bankrupt was removed from Section 14c. Section 17a, the forerunner of Bankruptcy Code Section 523(a), was, in turn, amended to *except* from discharge specific debts arising from "or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting financial condition...." Pub.L. No. 86–621, 86th Cong., 2d Sess. (July 12, 1960), 74 Stat. 408.

**5.** Plaintiff's approach would allow Plaintiff and all claimants so situated to avoid the writing requirement of Section 523(a)(2)(B) whenever

the other elements of Section 523(a)(2) were satisfied. Any time a claimant could satisfy the required elements of Section 523(a)(2), sans a writing, the claimant would also satisfy the requirements of Section 523(a)(6). As set forth above, in order to satisfy Section 523(a)(2) one must show that a misrepresentation was made knowingly and with the intent to deceive. In order to succeed under Section 523(a)(6) one must only show willful conduct done with malice and causation. *In re Britton*, 950 F.2d 602, 605 (9th Cir.1991). If one obtains property by knowingly making a false representation with the intent to deceive then they have necessarily done so intentionally (the debtor had the intent to do the act, *Id.*) and maliciously (it was reasonably foreseeable that the debtor's conduct would result in injury to the claimant. *Id.*) The "due to which the creditor sustained loss or damage" or proximate cause element of Section 523(a)(2) would satisfy the causation requirement of Section 523(a)(6) (the injury was a necessary product of the harmful act. *In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir.1986)). In *In re Klause*, 181 B.R. 487, 493 n. 4 (Bankr.C.D.Cal.1995), Judge Mund conceded that she "cannot conceive of a fact situation under § 523(a)(2) that would not also support a judgment under § 523(a)(6)."

any portion superfluous. *Pacific–Atlantic Trading Company,* 64 F.3d at 1303; *In re Andrews,* 49 F.3d 1404, 1408 (9th Cir.1995).

A key to the scope of the reach of Section 523(a)(6) is that Section 523(a)(6) requires *"injury* by the debtor to another entity or to the property of another entity...." The injury requirement is the one element of Section 523(a)(6) which is not necessarily met by establishing the elements required under Section 523(a)(2).

The injury suffered by the Plaintiff is financial: Plaintiff, due to the misrepresentations of the Debtors, sold the property to a buyer who lacked the financial wherewithal to perform on the contract and forwent an opportunity to sell the property to an able buyer. The issue is whether Section 523(a)(6) encompasses purely financial injuries, i.e., whether a financial loss is an injury "to another entity or to the property of another entity."

In *In re Riso,* 978 F.2d 1151 (9th Cir.1992), the court made it clear that the the financial injury suffered by a claimant when the debtor failed to afford the claimant his contractual right of first refusal is not the type of injury covered by Section 523(a)(6). *Id.* at 1154.

In *In re Brazington,* 3 B.R. 309 (Bankr.Idaho 1980), the court, holding that a breach of contract would not meet the requirements of Section 17a of the Bankruptcy Act [6], stated:

> In the case at bar, however, no injury was done to any of plaintiffs' property or to plaintiffs' person. Defendant simply failed to perform his contract. There was no trespass against plaintiffs' property or person. I am confident that 17a(8) was intended by Congress to make nondischargeable liabilities arising from such matters as malicious injury to property, waste, trespass and such matters as willful and wanton negligence resulting in personal injury,

battery to the person and the like. To say every breach of contract no matter how deliberate becomes a tort injury to property or person is not realistic under plain terms of section 17a(8).

*Id.* at 311.

Likewise, in *Barbachano v. Allen,* 192 F.2d 836 (9th Cir.1951), the Court held that damages arising out of the breach of contract to construct a radio station including damages for "sums which defendant had promised but it had failed to produce, and that in consequence of this failure to perform, plaintiff suffered loss of in the sum of $61,060.42" were not injuries to the person or property of the plaintiffs under Act Section 17a where plaintiffs were induced to enter into the contract by false and fraudulent representations relating to their ability to perform the contract. *Id.* at 838.

■ Furthermore, even if the injury suffered by the Plaintiff could fall within the scope of Section 523(a)(6), the more specific statute, Section 523(a)(2), should still control. It is a fundamental maxim of statutory construction that a specific statutory section qualifies a more general section and will govern, even though the general provisions, standing alone, would encompass the same subject. *Trustees of Amalgamated Ins. v. Geltman Industries,* 784 F.2d 926, 930 (9th Cir.1986), cert. denied, 479 U.S. 822, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986); *Monte Vista Lodge v. Guardian Life Ins. Co. of America,* 384 F.2d 126, 129 (9th Cir.1967), cert. denied, 390 U.S. 950, 88 S.Ct. 1041, 19 L.Ed.2d 1142 (1968). See also *Markair, Inc. v. C.A.B.,* 744 F.2d 1383, 1385 (9th Cir.1984). Where both a specific and a general statute address the same subject matter the specific one takes precedence. *In re County of Orange,* 179 B.R. 185, 190 (Bankr.C.D.Cal.1995). Since Section 523(a)(2) deals specifically with debts arising from fraud and misrepresentations it should govern such debts; Section 523(a)(6) should not be used as a catch-all by claimants

---

**6.** Section 523 of the Bankruptcy Code is substantially similar to Section 17 of the Act. *In re*

*Daley,* 776 F.2d 834, 836 n. 5 (9th Cir.1985).

who cannot meet the requirements of Section 523(a)(2).

Notwithstanding the foregoing, some courts have stated or held that Section 523(a)(2) and Section 523(a)(6) are not mutually exclusive. This Court is not persuaded, at least with respect to the specific issue at hand.

In *In re Apte*, 180 B.R. 223 (9th Cir. BAP 1995), the BAP stated that Sections 523(a)(2)(A) and 523(a)(6) were not mutually exclusive; that a claim for damages flowing from misrepresentations could be nondischargeable under 523(a)(6). However, the statement amounts to dictum as the Panel had already reversed the bankruptcy court on other grounds.[7]

In *In re Stokes*, 995 F.2d 76 (5th Cir.1993), the Fifth Circuit, relying on the district court's opinion at 150 B.R. 388 (W.D.Tex. 1992), ("We affirm, essentially for the reasons stated, and the analysis made, by the district court"), held that sections 523(a)(2)(A) and 523(a)(6) are not mutually exclusive; that a finding of actual fraud and the applicability of Section 523(a)(2) does not necessarily preclude a finding that the same conduct also amounts to "willful and malicious conduct" under Section 523(a)(6). 995 F.2d at 77.

In *Stokes*, the debtor had forged the name of his father on a warranty deed purporting to transfer certain real property to himself. 150 B.R. at 390. The debtor then sold the property. *Id.* Debtor's father sued to quiet title and son's purchaser filed a cross complaint alleging breach of warranty under the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"). *Id.* The purchaser was awarded treble damages under the DTPA. *Id.* The bankruptcy court held that the actual damages, approximately one-third of the award, was nondischargeable under Section 523(a)(2), but that the remainder, being punitive in nature, was discharged. *Id.* The bankruptcy court, finding that the claim was based upon fraud, held that the purchaser could not rely on Section 523(a)(6). *Id.* The district court disagreed, relying on several cases from this Circuit:

> [T]he Court has carefully reviewed Judge Kelly's opinion and applicable case law to determine if a finding that Section 523(a)(2) applies precludes application of Section 523(a)(6). Having done so, the Court concludes that a finding of actual fraud and the applicability of Section 523(a)(2)(A) does not necessarily preclude a finding that the same conduct also amounts to "willful and malicious conduct" and that Section 523(a)(6) also applies. See *In re Britton*, 950 F.2d [602, 603–04, 606 (9th Cir.1991)] (actual damages nondischargeable under Section 523(a)(2)(A) and (a)(6) and punitive damages nondischargeable under Section 523(a)(6)); *In re Rubin*, 875 F.2d 755, 758 n. 1 (9th Cir. 1989) (court, in dicta, indicated that courts which do not find punitive damages nondischargeable under Section 523(a)(2)(A) might require plaintiffs to show the judgment for fraud resulted from a "willful and malicious" injury to satisfy Section 523(a)(6) in order to find punitive damages nondischargeable), cited in *Grogan v. Garner*, 498 U.S. 279, [282] n. 2, 111 S.Ct. 654, 657 n. 2, 112 L.Ed.2d 755 (1991); *In re Levy*, 951 F.2d [196, 199 (9th Cir.1991)] (*Grogan* and *Rubin* suggest "a creditor should seek nondischargeability of a debt for fraud alone under section 523(a)(2) [, but] where the debtor inflicted 'willful or

---

7. In *Apte* the debtor/tenant induced another to become a subtenant by misrepresenting the status of the underlying lease. The claim at issue consisted of:

> $146,727.46 in damages, consisting of $7,980.12 in rent paid to Dr. Apte (which Dr. Apte kept instead of forwarding to Rosewood) and over $138,000 spent on improvements and other costs associated with moving into the new office space.

*Id.* at 227. The bankruptcy court dismissed claimant's complaint holding that fraud claims could only be brought under Section 523(a)(2) and that claimant had not justifiably relied on the representations. *Id.* The Panel reversed holding that the claimant had justifiably relied on the misrepresentations. *Id.* at 229. The Panel went on to state that the claim would be nondischargeable under Section 523(a)(6). *Id.* at 232.

malicious injury,' such that punitive damages were awarded, the creditor should seek nondischargeability under 523(a)(6)"); see also *In re Day*, 137 B.R. 335, 341–42 (Bankr.W.D.Mo.1992) (Court considered application of Sections 523(a)(2) and (6) but found only 523(a)(2) applied because the creditor did not prove the debtor's conduct was willful and malicious). In fact, these cases, along with a recent Supreme Court case, *Grogan v. Garner*, indicate that when a debtor's conduct constitutes fraud and was willful and malicious, the creditor should seek nondischargeability under Section 523(a)(6) in place of, or in addition to, Section 523(a)(2). See id.; see also *Grogan*, 498 U.S. at [282] n. 2, 111 S.Ct. at 657 n. 2.

*In re Stokes*, 150 B.R. at 392. In upholding the district court the Fifth Circuit added a few cites:

> This holding is consistent with existing case law for, while we are aware of no case that holds that conduct under one of the provisions cannot also constitute conduct under the other, a number of courts have suggested that the same conduct can violate both provisions. See, e.g., *Britton v. Price (In re Britton )*, 950 F.2d 602, 603–05 (9th Cir.1991); *Rubin v. West (In re Rubin )*, 875 F.2d 755, 758 n. 1 (9th Cir. 1989); *Giangrasso v. Butler (In re Giangrasso )*, 145 B.R. 319, 321–24 (9th Cir. BAP 1992); *Seay v. Greene (In re Greene )*, 150 B.R. 282, 285–87 (Bankr. S.D.Fla.1993); *Goins v. Day (In re Day )*, 137 B.R. 335, 341–42 (Bankr.W.D.Mo. 1992).

*In re Stokes*, 995 F.2d at 77.

Few of the cases cited by the courts in *Stokes*, and, more importantly, none of the cases from this Circuit, necessarily support the courts' conclusion.

Firstly, the holding in *In re Giangrasso*, 145 B.R. 319 (9th Cir. BAP 1992), is contrary to the holding in *Stokes*. In *Giangrasso* the debtor had converted personal property of the claimant *and* had made fraudulent misrepresentations in order to retain the property. *Id.* at 320. The claimant obtained a state court judgment for compensatory and punitive damages; however, it was not clear under which theory the judgment was awarded, fraud or conversion. *Id.* The Panel determined that the compensatory damages were properly excepted from discharge no matter under which theory they were granted; fraud nondischargeable under Section 523(a)(2)(A) or conversion nondischargeable under Section 523(a)(6). *Id.* at 322–23. The punitive damages, however, were not necessarily nondischargeable as the jury had not specified under what theory they were granted; if they were for the fraud they would be dischargeable; if they were in connection with the conversion they would be nondischargeable under Section 523(a)(6), so summary judgment was not appropriate. *Id.* at 323–24. That Section 523(a)(2) and Section 523(a)(6) are not mutually exclusive does not mean that fraud claims may simply be moved over to Section 523(a)(6).

Secondly, much of the authority cited by the court in *Stokes* was, as in *Apte*, merely dicta. In *Grogan v. Garner*, the issue was what standard of proof a claimant faced under Section 523(a)(2). 498 U.S. at 281, 111 S.Ct. at 656. The court stated in a footnote:

> Arguably, fraud judgments in cases in which the defendant did not obtain money, property, or services from the plaintiffs and those judgments that include punitive damages awards are more appropriately governed by § 523(a)(6).

*Id.* at 281 n. 2, 111 S.Ct. at 657 n. 2. The same sentiment was expressed in *In re Rubin*, but the court declined to address the issue. 875 F.2d at 758 n. 1. The Ninth Circuit in *In re Levy*, relied on these two footnotes to determine merely that Section 523(a)(2) does not preclude discharge of punitive damages. 951 F.2d at 198. None of the cases held that a claim for misrepresentation could be excepted from discharge under Section 523(a)(6).

Thirdly, in the remaining cases from this Circuit which were cited by the court in *Stokes* the claimants had suffered actual injury to their persons or property beyond mere

financial loss. In *Britton* the claimant had been fraudulently induced into cosmetic surgery during which she was injured. In *Giangrasso* the debtor had converted personal property of the claimant.

Similarly, in *In re Day*, 137 B.R. 335, 342. (Bankr.W.D.Mo.1992), the court simply held that the claimant's state court fraud judgment did not, for collateral estoppel purposes, satisfy the willful and malicious requirements of Section 523(a)(6).

In none of the cases did the court allow a claimant to avoid the writing requirement of Section 523(a)(2) by moving under Section 523(a)(6). To this extent the cases are distinguishable. To the extent *Stokes* stands for the proposition that a claim for financial loss which fails under Section 523(a)(2) for lack of a writing may be brought with nothing else under Section 523(a)(6) the Court declines to follow.

Allowing a debt that fails under Section 523(a)(2)(B) for lack of writing to escape discharge under Section 523(a)(6) would ignore the obvious attempt by Congress to require a writing to except a debt of this nature from discharge. In this case the legislative intent can be respected without doing damage to the language of the statute. Injury to the entity or property of the entity will not be interpreted to include the purely financial loss which flows from a breach of contract.[8]

### III. CONCLUSION

Congress has provided limited exceptions to the otherwise broad discharge afforded Chapter 7 debtors. One such exception is for "debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud." Con-

gress has made it clear, though, that if the misrepresentation is with respect to a debtor's financial condition the exception will not apply unless the statement is in writing. This evident Congressional intent would be eviscerated if we were to allow claimants to side-step the explicit requirements of Section 523(a)(2) by pleading the same claim, which would not be spared from discharged under Section 523(a)(2), under Section 523(a)(6).

Accordingly, Plaintiff's Second Amended Complaint shall be dismissed without prejudice as it fails to state a claim upon which relief can be granted under Bankruptcy Code Section 523(a)(6).

This Memorandum Decision is in lieu of findings of fact and conclusions of law. Counsel for the Debtors is directed to prepare an order in accordance with this Memorandum Decision within ten (10) days of the date of entry.

---

8. The Court is aware of several cases in which seemingly pure financial loss arising from breach of a contract which contract was fraudulently induced has been held nondischargeable under Section 523(a)(6). See, *In re Klause, supra*, (debtor misrepresented value of building sold to claimant—punitive damages held nondischargeable under Section 523(a)(6)), *In re Figge*, 94 B.R. 654, 669 (Bankr.C.D.Cal.1988) (use of false representations to obtain loan); *In re Horton*, 152 B.R. 912, 916 (Bankr.S.D.Tex.1993) (inten-

tional submission of incorrect financial statement to obtain money and property); and *In re Greene*, 150 B.R. 282, 286–87 (Bankr.S.D.Fla.1993) (punitive damages awarded against debtor who obtained property using a false financial statement held nondischargeable under Section 523(a)(6)). With these opinions the Court must simply disagree. The intent of Congress, that claims arising from fraudulent transactions which result in only financial loss are to be addressed exclusively under Section 523(a)(2), seems clear.