**In re Raymond K. HERWIG, Debtor.**

**Leonard BISHOP and Jean Bishop, Plaintiffs,**

v.

**Raymond K. HERWIG, Defendant.**

**Bankruptcy No. 85–50007.
Adv. No. 85–0032.**

United States Bankruptcy Court,
S.D. Illinois.

Sept. 21, 1987.

Jos. R. Brown, Jr., Edwardsville, Ill., for plaintiffs.

Thos. R. Gibbons, Edwardsville, Ill., for defendant.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on plaintiffs' Complaint to Determine Dischargeability of Debts. On or about December 3, 1981, plaintiffs and defendant entered into an agreement, pursuant to which defendant was to build a single family residence for plaintiffs. Plaintiffs subsequently sued defendant in state court for breach of contract and for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Illinois Consumer Fraud Act"). In their state court complaint, plaintiffs alleged, among other things, that 1) defendant willfully and wantonly constructed the residence in a defective and unworkmanlike manner, with intent to defraud the plaintiffs for his own gain; and 2) defendant fraudulently demanded payment of plaintiffs for payment of subcontractors, knowing at the time that he would not pay such subcontractors, with intent to defraud the plaintiffs. Although defendant, who was not represented by counsel, filed an answer and counterclaim, and although he received notice of the trial setting, he failed to appear the day of the trial. Plaintiffs' testimony was heard, exhibits were submitted, and the state court judge, after finding defendant in default for failing to appear, entered judgment in favor of plaintiffs. (There was apparently no available transcript of the state court proceedings.) Compensatory damages in the amount of $46,319.63, as well as $100,000.00 in punitive damages, were awarded. Defendant's motion to vacate the trial court order was denied on June 24, 1987.

In their Complaint to Determine Dischargeability, plaintiffs allege that defendant obtained money through false pretenses, false representations and actual fraud, in violation of 11 U.S.C. § 523(a)(2)(A). In addition, plaintiffs allege violations of sections 523(a)(4) and 523(a)(6). Plaintiffs further contend that because the state court already determined that defendants acted with intent to defraud plaintiffs, the doctrine of collateral estoppel precludes defendant from attempting to prove otherwise. Defendant contends that collateral estoppel does not apply to default judgments, and that in any event, plaintiffs have failed to prove that defendant's debt is nondischargeable under section 523.

The initial question that this Court must decide, therefore, is whether collateral estoppel applies to the facts of this case. Several courts have held that collateral estoppel is applicable in determining whether a particular debt is dischargeable if the following criteria are met:

1. The issue sought to be precluded must be the same issue as that involved in the prior action;

2. The issue must have been actually litigated;

3. The issue must have been determined by a valid and final judgment; and

4. The determination of the issue must have been essential to the final judgment.

*In re Harris,* 49 B.R. 135, 137 (Bankr.E.D. Wis.1985). *See also, In re Levinson,* 58 B.R. 831, 835 (Bankr.N.D.Ill.1986); *United States Title Co. v. Dohm,* 19 B.R. 134, 137 (Bankr.N.D.Ill.1982). The very specific question in this case, however, is whether collateral estoppel applies to default judgments.

■ The prevailing view is that a default judgment has no collateral estoppel effect since the relevant issues were not actually litigated. *See, e.g., Grip-Pak, Inc. v. Illinois Tool Works, Inc.,* 694 F.2d 466, 469 (7th Cir.1982); *Matter of McMillan,* 579 F.2d 289, 293 (3rd Cir.1978); *In re Capparelli,* 33 B.R. 360 (Bankr.S.D.N.Y.1983); *Matter of Brink,* 27 B.R. 377 (Bankr.W.D. Wis.1983); *In re McKenna,* 4 B.R. 160 (Bankr.N.D.Ill.1980). However, the present case does not involve the typical default case where the defendant fails to answer or appear, and judgment is then entered in favor of plaintiff. Here, defendant did file an answer and counterclaim, but failed to appear for trial. Furthermore, judgment was entered only after evidence was heard and considered. As noted by Wright and Miller:

> The problem of issue preclusion after a one-sided trial also arises after a defendant answers on the merits and then fails to appear for trial or to offer evidence on particular issues. It is not uncommon for lawyers to describe such events loosely as defaults. Conceptually, however, trial is required to prove any matters that have not been admitted in the pleadings. *It is far from clear that issue preclusion should be denied simply because the resulting trial was one-sided.*

Wright & Miller, Federal Practice and Procedure, § 4442 (emphasis added). The Court finds that under the circumstances of this case, all elements of collateral estoppel have been satisfied, and that defendant is therefore precluded from litigating those issues already determined by the state court.

The Court must now decide whether plaintiffs have established that defendant's debt is nondischargeable under sections 523(a)(2)(A), 523(a)(4) and/or 523(a)(6). In deciding this issue, the Court accepts, under the doctrine of collateral estoppel, those findings already made by the state court. The parties also presented additional testimony with regard to the dischargeability question, and the Court has considered that evidence.

Section 523 provides, in pertinent part, as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ...
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> >
> > > (A) false pretenses, a false representation, or actual fraud ...
> > >
> > > (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny ...
> > >
> > > (6) for willful and malicious injury by the debtor to another entity or to the property of another entity ...

11 U.S.C. §§ 523(a)(2)(A), (4) and (6). To succeed in an action under section under section 523(a)(2)(A), plaintiffs must establish that 1) debtor made a representation, 2) debtor knew the representation was false, 3) it was made with the intent to deceive, 4) plaintiffs relied on the representation, and 5) plaintiffs suffered a loss as a result of the representation. *In re Saunders,* 37 B.R. 766, 768 (Bankr.N.D.Ohio 1984). *See also, In re Hammill,* 61 B.R. 555, 556 (Bankr.E.D.Pa.1986). The term "false pretense" in Section 523(a)(2)(A) "generally denotes a misrepresentation implied from purposeful conduct creating a false impression." *Matter of Garthe,* 58 B.R. 62, 64 (Bankr.M.D.Fla.1986); *In re Brooks,* 4 B.R. 237, 238 (Bankr.S.D.Fla.1980). Additionally, "[t]he fraud included in this section is the type of fraud which, in fact, involves

moral turpitude or intentional wrong and fraud implied in law which may exist without imputation of bad faith or immorality is insufficient." *Matter of Fordyce*, 56 B.R. 102, 104 (Bankr.M.D.Fla.1985). Likewise, for purposes of section 523(a)(4), "embezzlement" is "the fraudulent appropriation of property by a person. to whom such property has been entrusted ... and it requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud." *United States Title Co. v. Dohm*, 19 B.R. at 138.

■ The state court found that plaintiffs had proved a violation of the Illinois Consumer Fraud Act.[1] Specifically, the court found that:

a. The defendant intentionally planned to avoid inspections and deliberately performed sub-standard work and violated building codes for personal gain.

b. The defendant charged plaintiffs for work he did not perform and for materials he did not supply, including electrical outlets, paint, driveway rock and dry-wall.

c. The defendant lied to the plaintiffs about having paid subcontractors and caused them to suffer injury to their reputation because of unpaid subs and to become liable for a judgment based upon a lien.

d. The defendant, on at least one occasion, induced the plaintiffs to pay him money for the express purpose of paying a supplier, and then converted much of the money to his person[al] benefit.

The court further held that "the defendant fraudulently held himself out as being capable to build a single family residence for the plaintiffs, knowing that he was not

capable of doing so," and that plaintiffs "[had] proved their cause of action for actual, willful, and intentional fraud ..."

These findings clearly establish that defendant used false pretenses and made false representations, that he did so with the intent to deceive, that plaintiffs relied on such representations, and that they were injured as a result thereof. These findings further demonstrate that defendant obtained money from plaintiffs through actual fraud as defined by case law interpreting section 523. The additional testimony presented by defendant fails to establish otherwise.

The plaintiffs previously agreed to reduce the amount of damages to $18,437.12. Accordingly, for the reasons stated above, the Court finds that defendant's debt to plaintiffs is nondischargeable, under sections 523(a)(2)(A) and 523(a)(2), (4), to the extent of $18,437.12.

---

1. Paragraph 262 of that Act provides, in relevant part, as follows:

Unfair methods of competition and unfair or deceptive practices, including but not limited to the use or employment of any deception, *fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact* ... are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.
*Ill.Rev.Stat.*, ch. 121½, para. 262.
One case has noted that "[w]hile violation of the Illinois Consumer Fraud and Deceptive Business Act is not the same as the commission of common law fraud, it is considered a fraudulent act." *Barr Co. v. Safeco Ins. Co. of America*, 583 F.Supp. 248, 258 (N.D.Ill.1984).