**In re Thomas E. CONWAY, Debtor.**

**Kevin M. STOLL, Plaintiff,**

**v.**

**Thomas E. CONWAY, Defendant.**

Bankruptcy No. 91–07149.
Adv. No. 92–0026.

United States Bankruptcy Court,
E.D. Wisconsin.

Nov. 23, 1992.

Frederick A. Moegenburg, Milwaukee, WI, for plaintiff.

Harry A. Suhr, Crystal Lake, IL, for defendant.

## DECISION

DALE E. IHLENFELDT, Bankruptcy Judge.

On February 7, 1992, the plaintiff, Kevin M. Stoll, filed this adversary proceeding asking that his claim against the defendant debtor, Thomas E. Conway, be declared nondischargeable pursuant to section 523(a)(6) of the Bankruptcy Code. The

plaintiff alleges that on December 2, 1988, the debtor inflicted serious personal injuries upon him; that the injuries were the result of intentional, malicious and willful actions on the part of the debtor; that the Walworth County Circuit Court, in a state court law suit, found that plaintiff's injuries were a result of the outrageous, willful and wanton actions of the debtor; and that on May 28, 1991, as a result of those proceedings, the circuit court entered judgment in the plaintiff's favor and against the defendant in the amount of $33,921.49.

The plaintiff has moved for summary judgment on the ground that the doctrine of collateral estoppel bars the discharge of his judgment, and has filed an affidavit in support of his motion. The defendant contends that there are material issues of fact on which the defendant is entitled to be heard, and that collateral estoppel does not apply. The facts are as follows.

Paragraphs 6 and 7 of the circuit court complaint allege:

6. That on or about December 3, 1988, plaintiff, while frequenting Chuck's Lakeshore Inn was intentionally hit in the face and/or head with a glass by defendant, Thomas E. Conway.

7. That as a result of being struck with the glass by defendant, Thomas E. Conway, plaintiff, sustained multiple injuries, suffered great pain of body and mind, incurred medical and hospital expenses and will sustain future medical expense all in an undisclosed amount pursuant to Wisconsin Statutes.

The defendant, pro se, signed and filed an answer to the complaint and, in his answer, denied the allegations of paragraphs 6 and 7.

In an order entered on May 10, 1991, the circuit court found that the debtor had "failed to appear at the scheduled Pretrial Conference set by the court on April 19, 1991." The court also found that the debtor had "failed to submit any statement of the case, witness list, jury instructions, or any other documents required by the Pretrial Order," and "that Mr. Conway failed to participate in the prosecution of his defense." The court concluded:

WHEREFORE, IT IS HEREBY ORDERED that the defendant, Thomas E. Conway's answer be stricken from the record and a default judgment be entered against Mr. Thomas E. Conway. The default judgment pertains only to the issues of causation and liability as to Mr. Conway's actions against the plaintiff, Mr. Stoll, as alleged in plaintiff's Complaint. The issue of damages will be decided upon a motion brought by Attorney Van Buskirk, with notice to Mr. Thomas Conway on May 20, 1991 at 2:15 p.m. before the Honorable Judge James L. Carlson.

The hearing on damages took place on May 21, 1991. The plaintiff appeared in person and by his attorney and the defendant appeared in person "without the benefit of counsel." The court's judgment recites that the plaintiff testified "regarding the extent of his damages, and the court ... accepted the Affidavit of Dr. Robert K. Wolter." Plaintiff's affidavit, filed in support of his motion for summary judgment, recites that he testified "with regards to the facts and circumstances leading up to and describing the injuries inflicted upon him intentionally by defendant Thomas E. Conway; that upon the completion of affiant's testimony, the Court asked the defendant whether he had any questions of affiant, and the Judge gave him full opportunity to question affiant or otherwise respond in the proceedings."

At the conclusion of the hearing, the court made the following findings of fact and ordered judgment for the plaintiff:

1. That the plaintiff, Kevin Stoll, was injured on December 2, 1988, when the defendant, Thomas E. Conway, struck Mr. Stoll on the right side of his face.

2. That as a result of the incident between Thomas E. Conway and Kevin Stoll, Mr. Stoll suffered extensive injuries to the right side of his face which resulted in a plastic surgeon suturing the wounds on the night of December 2, 1988. The wounds eventually needed

two scar revisions which were performed by Dr. Robert K. Wolter.

3. That as a result of the injury and subsequent surgery, the plaintiff, Kevin Stoll, suffered great pain and suffering in the past.

4. That the plaintiff, Kevin Stoll, will need future surgery and even after the surgery, the plaintiff will still have a scar on his face the rest of his life resulting in future pain and suffering as well as embarassment [sic] to the plaintiff.

5. That there was no testimony offered by the defendant which would justify any diminution of the damages.

6. That the defendant's conduct was outrageous, willful and wanton.

■ Although § 523(c)(1) of the Bankruptcy Code gives the bankruptcy court exclusive jurisdiction to determine the dischargeability of obligations under § 523(a)(6), the doctrine of collateral estoppel, or issue preclusion as it is otherwise known, is applicable in making such decision. Collateral estoppel can be applied to a dischargeability determination if the relevant facts were actually litigated and necessarily decided in the state litigation. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987).

Because of the requirement that the relevant issues be actually litigated, default judgments are usually not given preclusive effect. *In re Martinez*, 110 B.R. 353 (Bankr.N.D.Ill.1990); *In re Rudd*, 104 B.R. 8 (Bankr.N.D.Ind.1987) (collecting cases); *In re Brink*, 27 B.R. 377 (Bankr.W.D.Wis. 1983). *Contra, In re Seifert*, 130 B.R. 607 (Bankr.M.D.Fla.1991).

In *Moore's* treatise on default and consent judgments, the authors state that "... the preponderant view, and we think the better one, is that, as a general proposition, a default judgment has no collateral estoppel effect." 1B James Wm. Moore et al., *Moore's Federal Practice* ¶ 0.444[2], at 798 (2d ed. 1992). "Such a judgment is not a reliable adjudication of any issue except for that case...." *Id.* ¶ 0.443[3], at 768.

The defendant contends, in view of the state court's default judgment, that collat-

eral estoppel does not apply to the issues of causation and liability because those issues were never actually litigated in the circuit court.

■ In deciding whether issue preclusion is appropriate in a particular dischargeability proceeding, the court must first look to state law and determine whether preclusive effect would be given to the state court judgment by the law of the state in which it was rendered. 28 U.S.C. § 1738. *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *In re Pahule*, 849 F.2d 1056 (7th Cir.1988); *In re Wagner*, 79 B.R. 1016 (Bankr.W.D. WI 1987); *In re Bicknell*, 118 B.R. 652 (S.D. IN 1990). The court must then decide whether there are any special bankruptcy considerations that would preempt state law and require a different result.

■ Wisconsin law, like federal law, has required that "[t]he issues in the prior action asked to be invoked must have been actually litigated and necessarily determined." *Wagner*, 79 B.R. at 1020; *Schneider v. Mistele*, 39 Wis.2d 137, 140 at n. 5, 158 N.W.2d 383, 385 at n. 5 (1968). Section 27 of the Restatement (Second) of Judgments (1980) expresses the doctrine of collateral estoppel as follows:

When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

The predecessor of that section was quoted with approval in *Rauser v. Rauser*, 52 Wis.2d 665, 670 190 N.W.2d 875, 878 (1971).

The rule that default judgments should not be given preclusive effect was scrutinized by a Wisconsin court in the recent case of *Heggy v. Grutzner*, 156 Wis.2d 186, 193, 456 N.W.2d 845 (Ct.App.1990). The court said the rule was *flexible* and refused to apply it to the facts of that case. In *Heggy v. Grutzner*, the third in a series of

cases involving Heggy,[1] the court described the earlier trial court proceedings as follows:

> Carl and Susan Welty were Heggy's neighbors. He tortiously harassed and caused them severe emotional distress and resulting bodily harm. [In the earlier Welty tort action], Heggy failed to answer or appear. The trial court heard testimony on Weltys' motion for a default judgment and made formal findings detailing Heggy's outrageous behavior over the years. The court found that Heggy's conduct was intentional, carefully planned, carefully executed, and "specifically done in order to cause severe emotional distress to each of the plaintiffs." On December 10, 1983, the trial court entered a default judgment against Heggy, awarding $356,163.16 to Weltys, including $200,000 punitive damages.[2]

156 Wis.2d at 190, 456 N.W.2d at 847–48.

Rejecting Heggy's argument to the contrary, the court ruled that Heggy was collaterally estopped from contesting the above findings in his suit against Grutzner. In reaching this decision, the court said:

> According to *Restatement (Second) of Judgments* sec. 27 comment e, at 257 (1980): "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, [the issue preclusion rule] does not apply with respect to any issue in a subsequent action." But that exception is flexible: "[E]ven if [an issue] was not litigated, the party's reasons for not litigating in the prior action may be such that preclusion would be appropriate." *Id* at 256. The policy considerations underlying issue preclusion depend largely on such reasons.

> There are many reasons why a party may choose not to raise an issue, or to contest an assertion, in a particular action. The action may involve so small an amount that litigation of the issue may cost more than the value of the lawsuit. Or the forum may be an inconvenient one in which to produce the necessary evidence or in which to litigate at all. The interests of conserving judicial resources, of maintaining consistency, and of avoiding oppression or harassment of the adverse party are less compelling when the issue on which preclusion is sought has not actually been litigated before. And if preclusive effect were given to issues not litigated, the result might serve to discourage compromise, to decrease the likelihood that the issues in an action would be narrowed by stipulation, and thus to intensify litigation.

> *Id.*

156 Wis.2d at 193–94, 456 N.W.2d at 849.

The court found that "the default judgment exception to the issue preclusion rule" did not apply and that by reason of issue preclusion Heggy could not relitigate the facts that had been found by the court in the earlier case. 156 Wis.2d at 194, 456 N.W.2d at 849. The court said:

> No policy concern favoring the default judgment exception to the issue preclusion rule applies here. Heggy asserts no reason for his failure to litigate the issues which resulted in the default judgment against him. On the contrary, he evaded opportunities to litigate. In [*Welty v. Heggy*, 124 Wis.2d 318, 369 N.W.2d 763 (App.1985)] *Welty I*, we affirmed the trial court's finding that Heggy had in-

---

1. *Heggy v. Grutzner* was the third in a series of three so-called "Heggy" cases. The default judgment at issue in *Heggy v. Grutzner* was obtained in the first Heggy case by Carl and Susan Welty against David Heggy. It was based upon Heggy's "intentional infliction of emotional distress and property damage." Grutzner was the attorney for the Weltys in that case.

   *Heggy v. Grutzner* was a defamation action brought by Heggy against Grutzner. Heggy claimed he was defamed by Grutzner's description of him as a "mad man" in a letter Grutzner wrote to the sheriff. Grutzner pleaded truth as a defense and offered the findings of fact on which the Welty default judgment was based. The court ruled that Heggy was collaterally estopped from contradicting those facts.

2. In the first Heggy case, the appellate court remanded the punitive damages award for retrial. On remand, the trial court reduced the punitive damages to $50,000, which was affirmed on appeal in the second Heggy case.

tentionally evaded service of process. We described him as a process dodger . . .

Only after the default judgment was entered did Heggy appear. He then moved to set aside the default judgment on various grounds including improper admission of evidence. The trial court denied Heggy's motion on grounds that he had been "neglectful, careless and inattentive in this matter" and had not shown he had "exercised a reasonable degree of prudence." We held that the court did not abuse its discretion in denying the motion. To allow him in his defamation action to relitigate the facts found in *Welty I* would grant him part of the relief he sought and was justly denied in *Welty I.*

156 Wis.2d at 194, 456 N.W.2d at 849 (citations omitted.)

In the case of *In re Herwig,* 77 B.R. 662 (Bankr.S.D.Ill.1987), a nondischargeability proceeding involving fraudulent representations, the facts were similar to those in *Heggy v. Grutzner,* and the court reached a similar result. The defendant in the *Herwig* case, "who was not represented by counsel, filed an answer and counterclaim, and although he received notice of the trial setting, he failed to appear the day of the trial. Plaintiffs' testimony was heard, exhibits were submitted, and the state court judge, after finding defendant in default for failing to appear, entered judgment in favor of plaintiffs." 77 B.R. at 663.

The court said:

[The] present case does not involve the typical default case where the defendant fails to answer or appear, and judgment is then entered in favor of plaintiff. Here, defendant did file an answer and counterclaim, but failed to appear for trial. Furthermore, judgment was entered only after evidence was heard and considered. As noted by Wright and Miller:

The problem of issue preclusion after a one-sided trial also arises after a defendant answers on the merits and then fails to appear for trial or to offer evidence on particular issues. It is not uncommon for lawyers to describe such events loosely as defaults. Conceptually, however, trial is required to prove any matters that have not been admitted in the pleadings. *It is far from clear that issue preclusion should be denied simply because the resulting trial was one-sided.*

Wright & Miller, Federal Practice and Procedure, § 4442 (emphasis added). The Court finds that under the circumstances of this case, all elements of collateral estoppel have been satisfied, and that defendant is therefore precluded from litigating those issues already determined by the state court.

77 B.R. at 664.

■ In the case at bar, the defendant filed an answer in the state court proceedings, but then failed to appear at the pretrial conference and failed to submit any documents required by the pretrial order. But unlike the situations in *Heggy* and *Herwig,* the trial court in this case heard no evidence regarding causation and liability before granting the plaintiff a default judgment as to those issues.

It was only after liability had been imposed that the trial court held a hearing on damages, at which hearing the plaintiff testified and evidence was received. It was after that hearing, on the issue of *damages only,* that the trial court found the defendant's conduct to be outrageous, willful and wanton. Accordingly, the defendant's *liability* for his actions towards the plaintiff was never "actually litigated" in the state court proceeding.

The plaintiff contends that the preamble to the circuit court's order or judgment represents "findings of fact." However, documenting monetary damages in a default proceeding does not satisfy the "actually litigated" requirement for collateral estoppel effect as to other factual issues. *In re Brink,* 27 B.R. 377 (Bankr.W.D.Wis. 1983).

Because the "actually litigated" requirement has not been met in this case, collateral estoppel cannot be applied to prevent litigation in this bankruptcy proceeding on the issue of whether the defendant's actions were willful and malicious as provided in § 523(a)(6) of the Bankruptcy Code.

This decision constitutes the court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and Rule 7052 of the Federal Rules of Bankruptcy Procedure. An order will be entered denying the plaintiff's motion for summary judgment.