Robert Andrew JONES and Marvetta
Jones, Appellants,

v.

INDIANA FINANCE COMPANY,
Appellee.

No. IP 93–1359 C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 23, 1994.

Penny L. Carey–Largent, UAW Legal
Services Plan, Kokomo, IN, for appellants.

KC Cohen and Karen Gray, Cohen & Malad, Indianapolis, IN, for appellee.

## ENTRY

BARKER, Chief Judge.

Appellants Robert Andrew Jones and Marvetta Jones ("Appellants" or "Debtors") appeal the Bankruptcy Court's grant of summary judgment in favor of Indiana Finance Company ("Appellee" or "Creditor"). For the reasons stated below, we reverse the bankruptcy court's judgment and remand for further proceedings.

## I. BACKGROUND

The Debtors entered into a Retail Installment Contract and Security Agreement ("Contract") with Oak Motors on March 13, 1992, to purchase an automobile. The total amount financed was $5,050.00 with the first payment scheduled for April 13, 1992. The Contract required Debtors to make monthly payments on the loan balance, maintain insurance on the vehicle, and turn over all insurance proceeds to Oak Motors. Around April 1, 1992, Debtors' automobile was involved in an accident and was damaged. The automobile was taken to Kokomo Auto World for repairs. The Debtors received $2,878.86 from Glen Falls Insurance Company to pay for the repairs. Debtors did not use the money to pay the repair bill, nor did they make any payments due on the Contract.

Kokomo Auto World sold the automobile at an auction to pay for the repairs.

Around August 25, 1992, Creditor (Indiana Finance Company), the assignee of the Contract, brought suit in the Superior Court of Madison County after the Debtors defaulted on their loan payments. In the state court action, Creditor alleged that Debtors had defaulted on the loan and that Debtors had converted the sum of $2,878.86, which they had received from the insurance company. The state court entered a default judgment[1] against Debtors for treble damages in the amount of $15,090.22, attorney fees in the amount of $1,675.58, and costs.

On November 9, 1992, Debtors commenced a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code. On January 29, 1993, Creditor instituted an adversary proceeding by filing a Complaint Objecting to Discharge of Debt. On June 18, 1993, Creditor moved for summary judgment, contending that Debtors were collaterally estopped from re-litigating the issue of whether the Debtors had acted intentionally and willfully in converting the insurance proceeds and therefore were not entitled to a discharge under 11 U.S.C. § 523(a)(6).[2] The Bankruptcy Court granted summary judgment in favor of Creditor and Debtor now appeals.

## II. DISCUSSION

### A. Standard of Review

■ The district judge is required to accept the bankruptcy judge's findings on questions of fact as long as they are not clearly erroneous. *Matter of Tolona Pizza Products Corp.*, 3 F.3d 1029 (7th Cir.1993). Indeed, the reversal under the clearly erroneous standard is only warranted if "the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citing *EEOC v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir.1988)). However, the bankruptcy court's conclusions of law are subject to de novo review on appeal. *Matter of Wiredyne, Inc.*, 3 F.3d 1125, 1126 (7th Cir.1993); *Matter of Newman*, 903 F.2d 1150, 1152 (7th Cir. 1990).

### B. Collateral Estoppel Effect of Default Judgment

■ Appellants argue that the Bankruptcy Court erred in applying collateral estoppel to conclude that the debt owed to the Creditor in the amount of the converted insurance proceeds was non-dischargeable under 11 U.S.C. § 523(a)(6) because it arose from a willful and malicious injury by the Debtors. *See* Bankruptcy Court's Entry on Motion for Summary Judgment (September 10, 1993), at 5. The Bankruptcy Court reasoned that "[i]n determining that the Debtors had converted the insurance proceeds, the state court necessarily found that the Debtors had acted intentionally, and thus, willfully." *Id.* at 4.

■ It is well-known that collateral estoppel applies in the bankruptcy context. *Grogan v. Garner*, 498 U.S. 279, n. 11, 111 S.Ct. 654, 658, n. 11, 112 L.Ed.2d 755 (1991). In *Freeman United Coal Mining Co. v. Office of Workers' Compensation Program*, 20 F.3d 289, 293–94 (7th Cir.1994), the Seventh Circuit noted that there are four requirements for collateral estoppel: "1) the issue sought to be precluded must be the same as that involved in the prior action, 2) the issue must have been actually litigated, 3) the determination of the issue must have been es-

1. The relevant part of the state court's default judgment reads as follows:

    The Court further finds that the Defendants failed to make scheduled payments on the aforementioned vehicle and that Plaintiff was justified in declaring Defendants in default of the agreement and accelerating all payments due under the agreement. The Court further finds there remains a balance due and owing of $5,026.74. Defendants converted insurance proceeds held in trust for Plaintiff. Pursuant to Indiana Code, I.C. 34–4–30–1, Plaintiff is entitled to a judgment of three times its dam-

ages, court costs, and attorney's fees. The Plaintiff is entitled to attorney's fees and a reasonable attorney's fee is $1,675.58.
Default Judgment, p. 1.

2. 11 U.S.C. § 523(a)(6) provides:

    (a) A discharge under section 727, 1141, ... of this title does not discharge an individual debtor from any debt— ...
    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

sential to the final judgment, and 4) the party against whom estoppel is invoked must be fully represented in the prior action." [3] The key question on appeal is whether entry of a default judgment by the state court satisfied the "actually litigated" element of collateral estoppel. We hold that it does not.

The Seventh Circuit has stated on several occasions that default judgments do not satisfy the "actually litigated" prong of collateral estoppel. In *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987), the Seventh Circuit, quoting 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.444[1], at 794 (2d ed. 1984) noted that:

> [j]ustice, then, is probably better served if the principle of collateral estoppel does not apply to unlitigated issues underlying default or consent judgments, or to issues determined by the parties, unless it can be said that the parties could reasonably have foreseen the conclusive effect of their actions.

*See also Matter of Cassidy,* 892 F.2d 637, 640, n. 1 (7th Cir.1990) (noting that default judgments do not have collateral estoppel effect); *Grip–Pak, Inc. v. Illinois Tool Works, Inc.,* 694 F.2d 466, 469 (7th Cir.1982) (citing 1 Restatement of Judgments (Second) § 27e (1982) at 257 for the proposition that a default judgment is not a proper basis for collateral estoppel); *In re Holland,* 155 B.R. 745, 748 (Bankr.S.D.Ind.1992).[4]

In this case, the Court agrees with Appellants that the default judgment entered by the state only determined that the insurance proceeds had been converted without actually litigating the issue. Even were we to follow the cases that read the "actually litigated" requirement less strictly [5] and allow the default judgment against Debtors in state court to collaterally estop any further litigation as to the conversion issue, we find that the issue of whether the conversion was "willful and malicious," under 11 U.S.C. § 523(a)(6) was not actually litigated in state court.[6] Creditor's argument that under Indiana law, a default judgment may be considered a judgment on the merits has no bearing on whether a particular issue was "actually litigated" for collateral estoppel purposes.[7]

## CONCLUSION

Because the issue of whether Debtors' conversion was "willful and malicious" was never raised in the state court proceedings, the Court reverses the Bankruptcy Court's entry of summary judgment in favor of Creditor and remands this cause of action for further proceedings on this issue.

It is so ORDERED.

---

3. Under Indiana law, the same elements for collateral estoppel apply. *See Deluna v. Allstate Insurance Co.,* 598 N.E.2d 625 (Ind.Ct.App. 1992); *White v. Allstate Insurance Co.,* 591 N.E.2d 586 (Ind.Ct.App.1992); *Bicknell v. Stanley,* 118 B.R. 652 (S.D.Ind.1990).

4. The Seventh Circuit did note in *La Preferida v. Cerveceria Modelo, S.A. de C.V.,* 914 F.2d 900, 906 (7th Cir.1990) that "[i]n determining whether an issue has been litigated in an earlier case, a full trial on the merits in the earlier action is not an absolute prerequisite."

5. *See e.g., In re Leigh,* 165 B.R. 203, 218 (Bankr. N.D.Ill.1993); *Stoll v. Conway,* 148 B.R. 881 (Bankr.E.D.Wis.1992).

6. Our result is consistent with the Third Circuit's recent decision—*In re Conte,* 33 F.3d 303 (3rd Cir.1994) (holding that jury's finding that Debtor acted with knowledge of a high probability of harm to his clients did not collaterally estop him from claiming that his actions did not constitute a willful and malicious injury).

7. The situation would be different if res judicata were applied in the bankruptcy context. *Cf. Schlangen v. Resolution Trust Corp.,* 934 F.2d 143, 146 (7th Cir.1991) ("Generally the conclusion of a prior lawsuit by default judgment does not prevent that prior judgment from being used for *res judicata* purposes.").