UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

In Re: FERNANDO NESTORIO,
                                    *Debtor.*

---

FERNANDO NESTORIO,
                    *Plaintiff-Appellant,*

v.                                              No. 00-1829

ASSOCIATES COMMERCIAL
CORPORATION,
                    *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-99-3842-DKC, BK-98-22987)

Argued: January 25, 2001

Decided: March 15, 2001

Before MICHAEL and MOTZ, Circuit Judges, and
Robert E. PAYNE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** David Casler Slade, Bowie, Maryland, for Appellant. Steven Neal Leitess, LEITESS, LEITESS & FRIEDBERG, P.C., Balti-

more, Maryland, for Appellee. **ON BRIEF:** Aryeh E. Stein, LEITESS, LEITESS & FRIEDBERG, P.C., Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In this case a debtor appeals from the district court's affirmance of a bankruptcy court order precluding him from relitigating whether he willfully and maliciously injured secured property, thus preventing him from discharging the debt secured by that property. We affirm.

### I.

On October 8, 1997, Associates Commercial Corporation filed a complaint in federal district court alleging that Fernando Nestorio (and various corporate entities) wrongfully converted, concealed, and destroyed construction equipment in which Associates had a security interest. Nestorio failed to file a responsive pleading or otherwise appear in the action. The court subsequently entered a default judgment for Associates, thus prompting Nestorio to file a motion to set aside the default judgment. The court granted Nestorio's motion on the condition that he post a $100,000 bond. Nestorio failed to do so. Accordingly, the default judgment was re-entered and the case referred to a magistrate judge for a determination of damages.

Nestorio was present and represented by counsel on the first day of the damages hearing, which was continued to allow supplemental briefing. On October 2, 1998, before the hearing resumed, Nestorio filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701-766 (1994). This petition operated as an auto-

matic stay preventing Associates from continuing the damages phase of the litigation. *See* 11 U.S.C. § 361(a) (1994).

On December 2, Associates filed a motion for relief from the automatic stay to determine the damages and complete the litigation. Associates subsequently requested Nestorio's consent to lift the stay and proposed a consent order. Nestorio filed a response to Associates's motion, stating that he "d[id] not oppose the granting of the relief requested," but adding that the language of the proposed consent order needed revision.

After further negotiation by counsel for both sides, the language of the consent order was revised. On January 7, 1999, Nestorio's bankruptcy counsel sent Associates a signed facsimile of the consent order and a letter authorizing Associates to file the order with the court and explaining Nestorio's "understanding" of the scope of the consent order:

> It is our understanding that this Order will lift the automatic stay solely for the purpose of allowing Associates to proceed . . . so that the amount of damages, if any, can be determined and a final judgment may be entered and that the stay will remain in effect as to the enforcement of any such judgments and that no attempt to collect on such judgment may be made by Associates outside the Bankruptcy Court, without further relief from that stay.

> It is also our understanding that is [sic] has already been determined by the court . . . that the measure of damages is the difference in value, if any, between the value of the equipment at the time that the equipment was determined to have been wrongfully retained by Mr. Nestorio and the value of the equipment at the time that it was recovered by Associates.

> If our understanding on any of these matters is not the same as your understanding please contact us before filing the consent order as our consent may be misplaced.

On January 14, 1999, after receipt of this letter, the consent order was entered in the bankruptcy court. The consent order provided that the parties consented to terminating the automatic stay, allowing Associates "to proceed against Debtor in the litigation now pending . . . for the purpose of determining the amount of Debtor's liability to Associates and the entry of final judgment in that amount," but that Associates "must receive additional relief from this court prior to any execution or enforcement of said final judgment."

Following entry of the consent order, on January 15, 1999, Associates filed a complaint in bankruptcy court, claiming that because Nestorio willfully and maliciously injured Associates's secured property, the amount of the judgment determined by the district court should be exempt from discharge in bankruptcy. *See* 11 U.S.C. § 523(a)(6). The complaint alleged that, "the only issue remaining to be addressed [by the magistrate judge] is the amount of damages to be awarded Associates" and explained that "a final hearing" with respect to the amount of damages to be awarded Associates "due to Debtor's willful and malicious conversion and destruction of Associates' property (the "Debt") will be scheduled [before the magistrate judge] shortly after the filing of this complaint." Nestorio, represented by bankruptcy counsel, filed an answer to this complaint in bankruptcy court, in which he stated "it is our understanding that another issue not resolved in that litigation is whether [Nestorio] committed fraud, and thus whether punitive damages should be awarded."

In February 1999, Nestorio's district court counsel filed a motion to withdraw, which the magistrate judge granted. On March 10, 1999, the magistrate judge resumed the damages hearing, which lasted for three days. Although Nestorio was given notice of the hearing, he failed to attend. After taking evidence, hearing testimony, and questioning witnesses, the magistrate judge filed a detailed, sixteen-page report, recommending that Associates be awarded both compensatory and punitive damages. The magistrate judge explicitly found that Nestorio acted with "malice and a deliberate intent to deprive [Associates] of possession of the Equipment." Nestorio did not object to this recommendation and the district judge adopted the magistrate's report and entered final judgment for Associates.

With judgment in hand, Associates moved for partial summary judgment in its dischargeability action in the bankruptcy court. Over

the protest of Nestorio's original bankruptcy counsel, the bankruptcy court precluded Nestorio from relitigating whether he willfully and maliciously injured the property, reasoning that this issue had been previously litigated and decided in the district court proceeding. As a result, the bankruptcy court granted Associates's motion for summary judgment and excepted its judgment from discharge. Nestorio, represented by new bankruptcy counsel, appealed to the district court, which affirmed. This appeal followed.

## II.

We have reviewed the record, briefs, and applicable law, and considered the oral arguments of the parties, and we are persuaded that the district court properly affirmed the bankruptcy court.* We affirm

---

*Before us, Nestorio contends that it was always his and his counsel's "understanding" that the only issue to be litigated before the magistrate judge was the amount of Associates's *compensatory* damages. But the record — including the January 7, 1999 letter of Nestorio's counsel and the answer that counsel filed in the bankruptcy court — simply do not bear this out. Counsel's January 7 letter appears entirely directed to two points: (1) cataloging *how the amount* of compensatory damages would be determined and (2) *limiting* proceedings before the magistrate judge to *determination of damages and entry of a final judgment* with the understanding that "no attempt to collect on such judgment may be made outside the Bankruptcy Court." The consent order accurately incorporated both of those points. Moreover, after entry of the consent order, Associates filed its complaint in the bankruptcy court, which alleged that "liability *has been established* [by the magistrate judge] and the only issue *to be addressed* [by him] is the amount of damages." Nestorio answered that it was his understanding "that an additional issue not resolved in that litigation is whether or not [Nestorio] committed fraud, and thus whether punitive damages, should be awarded." Because this responds to Associates's allegation that (1) liability "*had been*" established and (2) the "*only issue to be addressed*" was damages, Nestorio's answer that punitive damages was "another issue not addressed" by the magistrate is most reasonably read as his acknowledgment that this issue had not *yet* been "addressed" but is "another issue" that will "be addressed" by the magistrate judge. In any event, neither in the answer nor in any other pleadings or paper did Nestorio ever state that it was his position that this issue could not or would not be "addressed" and "resolved" by the magistrate judge.

the district court's holding that the plain language of the consent order "did not preclude the [magistrate judge] from considering all issues relevant to a determination of damages," and that Nestorio is, therefore, barred from relitigating the issue of willful and malicious injury. *See Nestorio v. Associates Commercial Corp.*, 250 B.R. 50 (D. Md. 2000).

*AFFIRMED*